In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-12-00525-CV
_____

**JASON CREEL, Appellant**

**V.**

**THE WOODLANDS TOWNSHIP, Appellee**

**On Appeal from the 9th District Court**
**Montgomery County, Texas**
**Trial Cause No. 12-08-08704 CV**

**OPINION**

Jason Creel sued The Woodlands Township for property damage. He alleged that the defendant failed to remove dead trees from behind his house, and "water entered the home through the roof[.]" Creel alleged that the defendant "is a special-purpose district, a unit of government of the State of Texas," and he acknowledged that the Texas Tort Claims Act provides a limited waiver of immunity for "tort claims arising from either premises defects or special defects." Asserting immunity from suit as "a special purpose district and a governmental unit of the State of

Texas[,]" Woodlands filed a plea to the jurisdiction. The trial court granted the plea, and dismissed Creel's claim with prejudice. Creel filed this appeal.

Creel does not contest the defendant's status as a governmental unit entitled to immunity absent a waiver. *See generally Cnty. of Cameron v. Brown¸* 80 S.W.3d 549, 554 (Tex. 2002) (discussing immunity and Tort Claims Act); *see also* Tex. Civ. Prac. & Rem. Code Ann. §§ 101.021(2), 101.022 (West 2011). Instead, he argues that section 101.022 waives governmental immunity. Creel asserts a premises-liability claim for property damage. But property damages are not recoverable in a premises-liability claim against a governmental unit under sections 101.021(2) and 101.022. *See* Tex. Civ. Prac. & Rem. Code § 101.021(2) ("A governmental unit in the state is liable for: . . . (2) personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.").

Creel asserts that he should be allowed to amend his petition before a plea to the jurisdiction is granted, but he amended his pleading twice, and he continues to assert property damage in his pleadings and in his brief on appeal. *See Rusk State Hosp. v. Black*, 392 S.W.3d 88, 96 (Tex. 2012) ("In some instances, the pleadings or record may conclusively negate the existence of jurisdiction, in which case the

2

suit should be dismissed."). Appellant's two issues are overruled. The trial court's

judgment is affirmed.

AFFIRMED.

_____
DAVID GAULTNEY
Justice

Submitted on September 30, 2013
Opinion Delivered October 17, 2013

Before McKeithen, C.J., Gaultney and Kreger, JJ.